UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERLIANT ENERGY, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHRISTOPHER JOHN BARRY,<br><br>    Defendant. | Case No. 14-cv-02443-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER; DENYING MOTION FOR EXPEDITED DISCOVERY WITHOUT PREJUDICE; SETTING HEARING FOR JUNE 11**<br><br>Re: ECF No. 11 |

      Plaintiffs Verliant Energy, Inc. and Verliant Sciences, LLC (collectively, "Plaintiffs") have moved for a temporary restraining order barring their former employee and Defendant Christopher John Barry ("Defendant") from conducting various commercial activities, and ordering him to return intellectual and other property Plaintiffs claims to own. See Proposed Order at ECF No. 11-3. Plaintiffs allege that they are California citizens and that Defendant is a British citizen, see Complaint ¶¶ 3-5, ECF No. 1, giving this court jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiffs' complaint also brings causes of action under federal law, giving this court jurisdiction pursuant to 28 U.S.C. § 1331.

      The same legal standard applies to a motion for a temporary restraining order and a motion for a preliminary injunction. See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839, n. 7 (9th Cir. 2001). A plaintiff seeking either remedy "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Am. Trucking Associations, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting Winter v. Nat. Resources Defense Council, 555 U.S. 7, 20 (2008)). Injunctive relief is

"an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

To grant preliminary injunctive relief, a court must find that "a certain threshold showing is made on each factor." Leiva-Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011). Provided that this has occurred, in balancing the four factors, "'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

In addition, a movant seeking the issuance of an *ex parte* TRO must satisfy Rule 65(b) of the Federal Rules of Civil Procedure, which requires a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and certification of "efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. Pro. 65(b)(1).

From the evidence before the Court at this time, Plaintiffs have demonstrated the probability of success on the merits of their breach of contract and misappropriation of trade secret claims. See Declaration of Andrew Chiu ¶¶ 5, 8-16, 32, 35-40. At the very least, there are serious questions going to the merits of both claims.

Plaintiffs have also provided evidence that they will suffer the possibly irreversible loss of trade secrets and proprietary intellectual property, and the loss of significant business goodwill. Id. ¶ 47. As many courts have recognized, this type of harm is typically considered irreparable. See Stuhlbarg, 240 F.3d at 841; W. Directories, Inc. v. Golden Guide Directories, Inc., No. 09-cv-1625-CW, 2009 WL 1625945, at *6 (N.D. Cal. June 8, 2009). For this reason, the balance of equities tips sharply in Plaintiffs' favor. Plaintiffs' claimed irreparable harm significantly outweighs any harm to Defendant of being restrained from taking the actions described in the temporary restraining order during the short time this order will remain in effect. For similar reasons, an injunction is in the public interest.

However, the purpose of an emergency temporary restraining order is to preserve the *status*

*quo* while a request for fuller injunctive relief is under consideration. Several of Plaintiffs' requests for injunctive relief require Defendant to take affirmative actions, such as to send to Plaintiffs certain documents and data currently within his control. Therefore, the court will not grant Plaintiffs' proposed order at this time to the extent it seeks those affirmative acts. The Court also will not issue an order against unnamed persons and entities who are not parties to the lawsuit. The court enters a version of Plaintiffs' proposed order with the modifications displayed as Exhibit A to this order. The deletion of this language is without prejudice to Plaintiffs' later demonstration that their proposed scope of order is both appropriate and enforceable.

The temporary restraining order will remain in effect only until this matter may be heard and Defendant has had an opportunity to respond. The Court hereby SETS this matter for hearing on Wednesday, June 11, 2014, at 9 a.m., 450 Golden Gate Avenue, Courtroom 9, 19th Floor, San Francisco, California. At that hearing, the court will consider whether to extend or dissolve the temporary restraining order and whether to issue an order to show cause why a preliminary injunction should not issue. Plaintiffs' counsel is ORDERED to immediately provide notice of this order to Defendant and to file a declaration with the court within forty-eight hours of this order, describing the efforts he has made to provide such notice. Defendant, may, but is not required to, file any written response to Plaintiffs' motion by 12:00 p.m. on June 10, 2014.

In Plaintiffs' motion (but not in any sworn declaration), counsel states that "VERLIANT is providing notice of the instant application to BARRY's identified counsel by email, telephone and mail." Motion, at 5 (ECF No. 11). The Court understands Plaintiffs to mean that they provided notice at or very shortly after the time that the motion was filed yesterday at 6:18 P.M. In his declaration, Plaintiffs' counsel must also describe exactly what efforts he made to provide notice of the motion to Defendant and exactly when those actions were taken.

The Court also will not grant Plaintiffs' request for expedited discovery or the issuance of a protective order. Instead, Plaintiffs and Defendants' counsel are ordered to immediately meet and confer regarding (1) appropriate, limited, expedited discovery and (2) the contents of an appropriate protective order.

/ / /

Pursuant to Rule 23(c), Plaintiffs shall post a bond of $25,000 within three court days of this order.

**IT IS SO ORDERED.**

Dated: June 6, 2014

_____
JON S. TIGAR
United States District Judge