UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERLIANT ENERGY, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>CHRISTOPHER JOHN BARRY,<br><br>    Defendant. | Case No. 14-cv-02443-JST<br><br>**ORDER DENYING PLAINTIFFS'** ***EX PARTE*** **APPLICATION FOR (1) ORDER OF CONTEMPT, OR, IN THE ALTERNATIVE, (2) A TEMPORARY RESTRAINING ORDER AND MODIFICATION AND EXPANSION OF PRELIMINARY INJUNCTION**<br><br>Re: ECF No. 32. |

Plaintiffs Verliant Energy, Inc. and Verliant Sciences, LLC ("Plaintiffs") have filed a an *ex parte* application for an order finding Defendant Christopher John Barry ("Defendant") in contempt of the Court's June 11, 2014 preliminary injunction order, or in the alternative for an order issuing a temporary restraining order or modifying the preliminary injunction. ECF No. 32. After considering the papers, supporting declarations, and Defendant's response, the Court will DENY the request for relief without prejudice.

Plaintiffs first ground for sanctions is that Defendant has violated the Court's order granting Plaintiffs leave to conduct discovery, because Defendant's counsel has refused to produce his clients for deposition or to respond to discovery. Defendant argues that his failure to participate in discovery is justified because Plaintiffs have failed to produce a trade secret designation that complies with section 2019.210 of the California Code of Civil Procedure. That discovery dispute is currently pending before Judge Laporte. ECF Nos. 26-27, 30. The undersigned will not sanction Defendant for violating the Court's order before Judge Laporte has even had an opportunity to resolve whether the parties' dispute. If there is a pressing need to resolve the dispute on shortened time, Plaintiffs can make a motion before Judge Laporte, who can

then decide whether shortened time is appropriate.

Plaintiffs also submit evidence they say demonstrates that Defendant has been using information relating to "life cycle" technology that Plaintiffs' claim is their proprietary information. But the evidence on which Plaintiffs rely is hearsay, and even if it were admissible for its truth, it does not conclusively demonstrate that the "life cycle" technology on which Defendant is working is proprietary to Plaintiffs. Plaintiffs' declarant acknowledges that "[t]he 'life cycle process,' in and of itself, is not exclusive to VERLIANT." Declaration of Andrew Chiu ¶ 10 (ECF No. 32-2). Plaintiffs also argue that Defendant has solicited business from Plaintiffs' existing or prospective customers, but that evidence too is either hearsay or speculation. Plaintiffs have not met their burden to show "clear and convincing evidence" that Defendant has violated the Court's order. FTC v. Affordable Media, LLC, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City & Cnty. of San Francisco, 968 F.2d 850, 856, n. 9 (9th Cir. 1992)).

As for Plaintiffs' alternative request for a temporary restraining order or modified preliminary injunction order, the injunction Plaintiffs seek largely duplicates the same language already in effect by operation of the preliminary injunction order. Compare ECF No. 17, at 7:18-9:25 with ECF No. , at 1:20-2:18 and ECF No. 32-4, at 2:6-3:18. Although Plaintiffs have made some specific changes to the language of the Court's previous order, Plaintiffs have not specifically justified the need for those alterations, especially given the high burden for preliminary injunctive relief.[1] To the extent that there is any dispute about whether any proprietary information Plaintiffs might own in a "life cycle process" and a "Life Cycle Assessment Comparison of Coal, Photovoltaics, and Anaerobic Digestion" would fall within the scope of the Court's order, the Court can confirm that it would. On the whole, since Plaintiffs maintain that Defendant is currently in violation of the *current* preliminary injunction order, altering the order to include additional activity does not seem necessary. Similarly, the Court can confirm that IV-2 of the preliminary injunction order covers no activity not already covered

---

[1] The relief Plaintiffs seek in their proposed order even slightly differs from the relief sought in their memorandum of points and authorities, since Plaintiffs seek in the proposed order to enjoin parties not before the Court, namely "all those acting in concert with" Barry.

by IV-1-c.

Plaintiffs request for relief is DENIED without prejudice.

**IT IS SO ORDERED.**

Dated: July 28, 2014

_____
JON S. TIGAR
United States District Judge