UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERLIANT ENERGY, INC., et al.,<br>    Plaintiffs,<br>v.<br>CHRISTOPHER JOHN BARRY,<br>    Defendant. | Case No.  14-cv-02443-JST<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS DEFENDANT'S COUNSEL**<br><br>Re: Dkt. No. 42 |

## I.   INTRODUCTION

Vista IP Law Group LLP and its counsel of record ("Vista") have moved to withdraw as counsel for Defendant Christopher John Barry ("Defendant").

## II.   BACKGROUND

### A.   Procedural and Factual History[1]

Plaintiffs Verliant Energy, Inc. and Verliant Sciences, LLC (collectively, "Plaintiffs") filed this action against Defendant in May 2014, alleging causes of action stemming from Defendant's allegedly unlawful disclosure of Plaintiffs' proprietary technology. ECF No. 1. Later that month, Defendant retained Vista to represent him in this action. Declaration of Neal M. Cohen ("Cohen Decl.") ¶ 1, ECF No. 42-1. On June 11, the Court granted in part Plaintiffs' motion for a preliminary injunction against Defendant. ECF No. 12. Vista has filed a motion to dismiss Plaintiffs' ninth cause of action. ECF No. 28.

Vista claims that Defendant has breached the terms of his representation agreement with them, which requires Defendant to replenish Vista's trust account "at any time to an amount

---

[1] The Court accepts the following allegations as true for the purpose of resolving Defendant's motion to dismiss.

commensurate with the level of anticipated activity." Cohen Decl ¶ 7, ECF No. 42-1. Vista requested a $50,000 advance from Defendant on July 1, 2014, which Defendant did not pay. *Id*. at ¶ 8. As a result of Defendant's nonpayment of the requested advance, Neal Cohen, lead trial counsel for Defendant, notified Defendant of Vista's intention to withdraw on July 22. Id. at ¶ 2. Vista represents to the Court that, as a result of Defendant's failure to pay the requested advance, "fees and expenses are currently due in an amount of $15,965.81." *Id*. at ¶ 9.

Defendant has informed Vista that he is unwilling or unable to pay Vista's fees for continued representation in this action. *Id*. at ¶ 3. Due to Defendant's frequent international travel, Vista has been unable to communicate with Defendant at various points throughout the representation, such as during the drafting of a response to a TRO and an opposition to Plaintiffs' motion for contempt. *Id*. at ¶ 11.

**B.     Jurisdiction**

Plaintiffs allege that they are California citizens and that Defendant is a British citizen, see Complaint ¶¶ 3-5, ECF No. 1, giving this court jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiffs' complaint also brings causes of action under federal law, giving this court jurisdiction pursuant to 28 U.S.C. § 1331.

**C.     Legal Standard**

"Counsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Civil Local Rule 11-5(a). Civil Local Rule 11-4(a)(1) requires compliance with the standard of professional conduct required of members of the State Bar of California. See also Nehad v. Mukasey, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal).

Pursuant to California Rule of Professional Conduct 3-700(A)(2), counsel "shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, complying with rule 3-700(D) [regarding papers], and complying with applicable laws and rules." California Rule of Professional Conduct 3-700(C)(1)

allows permissive withdrawal where, *inter alia*, the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively," or if the client breaches an agreement or obligation as to expenses or fees. If one or both of those situations pertain, withdrawal is permitted at the discretion of the district court.

"Factors which courts consider in ruling on a motion to withdraw include: 1) the reasons why withdrawal is sought; 2) the prejudice withdrawal may cause to other litigants; 3) the harm withdrawal might cause to the administration of justice; and 4) the degree to which withdrawal will delay the resolution of the case." Riese v. Cnty. of Del Norte, 12-CV-03723-WHO, 2013 WL 6056606 (N.D. Cal. Nov. 14, 2013) (citing Canandaigua Wine Co., Inc. v. Edwin Moldauer, No. 1:02-cv-06599 OWW DLB, 2009 WL 89141 (E.D. Cal. Jan. 14, 2009)). "The decision to permit counsel to withdraw is within the sound discretion of the trial court." BSD, Inc. v. Equilon Enterprises, LLC, No. 10-5223 SBA, 2013 WL 942578 (N.D. Cal. Mar. 11, 2013) (citing United States v. Carter, 560 F.3d 1107, 1113 (9th Cir. 2009)).

### III. ANALYSIS

Vista has provided reasonable notice to the Defendant, who has consented to the withdrawal of representation. Defendant has refused to pay Vista an advance that Vista requires as a term of its representation agreement. Defendant has also failed to pay Vista for services already rendered on his behalf. Vista also emphasizes that Defendant's frequent unavailability due to travel has hindered its ability to effectively represent him in this action. Vista has therefore satisfied the necessary prerequisites for demonstrating that withdrawal is permitted under California Rule of Professional Conduct 3-700(C)(1). Moreover, neither Plaintiffs nor Defendant opposes Vista's motion to withdraw. Defendant has agreed to represent himself and has acknowledged the upcoming case deadlines. ECF No. 51. Finally, if the Court were to deny the motion to withdraw, Vista would be required to continue to represent Defendant pro bono, without his consent or the ability to communicate with him reliably. In short, all the relevant factors are either neutral or weigh significantly in favor of withdrawal.

### IV. CONCLUSION

Vista's motion to withdraw as counsel is GRANTED.

1    The Court will not order service be provided directly to Defendant.  Instead, since this
2    withdrawal "is not accompanied by simultaneous appearance of substitute counsel or agreement of
3    the party to appear *pro se*," the Court will permit withdrawal "subject to the condition that papers
4    may continue to be served on counsel for forwarding purposes, unless and until the client appears
5    by other counsel or *pro se*."  Civ. L.R. 11-5(b).[2]  Because Barry has already agreed to appear *pro*
6    *se*, ECF No. 51, he is ordered to file a Notice of Appearance that complies with Local Rule 3-
7    4(a)(1) within 10 days of this Order.

**IT IS SO ORDERED.**

Dated:  October 6, 2014

                                                                          _____
                                                                          JON S. TIGAR
                                                                          United States District Judge

---

[2] Defendant Barry's Agreement to Appear Pro Se, ECF No. 51, does not contain his address, telephone number, fax telephone number and e-mail address.  Civil L.R. 3-4(a)(1).  Until the Court and parties have this information, there is no way to provide notice to Barry directly.

4