UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERLIANT ENERGY, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CHRISTOPHER JOHN BARRY,<br><br>    Defendant. | Case No.  14-cv-02443-JST<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 28 |

Defendant Christopher Barry ("Defendant") moves under Federal Rules of Civil Procedure Rule 9(b) to dismiss Plaintiffs' ninth cause of action for fraud on the basis that the complaint fails to allege the surrounding factual circumstances with sufficient specificity.  ECF No. 28.  For the reasons set forth below, the motion is DENIED.

**I.   BACKGROUND**

    **A.   Factual Allegations[1]**

In 2013, Defendant was hired as the Director of Science for Verliant Sciences, LLC and Verliant Energy, Inc. (collectively "Verliant"). Defendant executed an Employment Agreement with Verliant on June 1, 2013, ECF No. 1, ¶ 21, and executed an Intellectual Property Agreement with Andrew Chiu, Verliant's CEO, on August 29, 2013. Id. ¶ 22. In February, 2014, Defendant attended several meetings in China on behalf of Verliant, for the purpose of securing business opportunities and scientific partnerships with certain Chinese research organizations. Id. ¶ 24-35. One of these opportunies involved an organization named the CAST Group, which had previously approached Chiu regarding partnering with Verliant on a project with the Chinese central

---

[1] The Court accepts the following allegations as true for the purpose of resolving Defendant's motion to dismiss. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337–38 (9th Cir.1996)

government.  Id. ¶ 24.

Following the meetings in China, Defendant withheld from Verliant "data and reports" transmitted to him from members of the Chinese research groups, despite a contractual obligation to share such information.  Id. ¶ 38.  Defendant also disclosed Verliant's proprietary information to the CAST Group, causing them to back away from a proposed association with Plaintiffs, and instead seek to associate with Defendant personally.  Id. ¶ 38-44.  Defendant continued to use Verliant's laboratory and shared technological results with various parties via personal email in March and April of 2014, in violation of his contracts with Verliant.  Id. ¶ 42, 56.  Ultimately, Defendant ended his relationship with Verliant and began working as "Principal Advisor to the Chinese Research Academy of Environmental Science" by May of 2014.  Id. ¶ 51-55.  On May 27, 2014, Plaintiffs filed their complaint in this action.

### B. Jurisdiction

Plaintiffs allege that they are California citizens and that Defendant is a British citizen, Id. ¶¶ 3-5, giving this court jurisdiction pursuant to 28 U.S.C. § 1332(a).  Plaintiffs' complaint also brings causes of action under federal law, giving this court jurisdiction pursuant to 28 U.S.C. § 1331.

### C. Legal Standard

To state a claim for fraud under California law, a plaintiff must demonstrate "(1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damages."  Okun v. Morton, 203 Cal. App. 3d 805, 828 (Cal. Ct. App. 1988) (citations omitted).  Fraud claims are subject to a heightened pleading standard.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  "Rule 9(b) demands that the circumstances constituting the alleged fraud be 'specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong.'"  Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Bly–Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001).  "To meet this standard, [a] [p]laintiffs' complaint must 'identify the who, what, when,

1  where, and how of the misconduct charged, as well as what is false or misleading about the
2  purportedly fraudulent statement, and why it is false.'" Salameh v. Tarsadia Hotel, 726 F.3d 1124,
3  1133 (9th Cir. 2013) (quoting Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d
4  1047, 1055 (9th Cir. 2011)).

5        In pleading claims not subject to Rule 9(b), a complaint need only contain "a short and
6  plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro.
7  8(a)(2), subject to dismissal pursuant Rule 12(b)(6) for failure to state a claim.  "Dismissal under
8  Rule 12(b)(6) is appropriate only where the complaint lacks cognizable legal theory or sufficient
9  facts to support a cognizable legal theory."  Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d
10 1097, 1104 (9th Cir. 2008).  Dismissal is also proper where the complaint alleges facts that
11 demonstrate that the complaint is barred as a matter of law.  See Balistreri v. Pacifica Police Dept.,
12 901 F.2d 696, 699 (9th Cir. 1990); Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.
13 1980).  For purposes of a motion to dismiss, "all allegations of material fact are taken as true and
14 construed in the light most favorable to the nonmoving party."  Cahill, 80 F.3d at 337-38.

15 **II.   ANALYSIS**

16       Plaintiffs allege that, by maintaining his employment with Verliant and continuing to
17 utilize Verliant's resources, Defendant fraudulently concealed his failure to comply with the terms
18 of his employment agreements.  A theory of fraud by concealment under California law requires a
19 plaintiff to "establish that [Defendant] was under a legal duty to disclose" the allegedly concealed
20 information.  Lingsch v. Savage, 213 Cal. App. 2d 729, 734-35, 29 Cal. Rptr. 201, 204 (1963).  A
21 duty to disclose can exist "(1) when the defendant is in a fiduciary relationship with the plaintiff;
22 (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff;
23 (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the
24 defendant makes partial representations but also suppresses some material facts." Deteresa v.
25 American Broadcasting Companies, Inc., 121 F.3d 460, 467 (9th Cir. 1997) (quoting LiMandri v.
26 Judkins, 52 Cal. App. 4th 326, 355 (1997)).  Examples of non-fiduciary relationships where a duty
27 to disclose may arise include those between a "seller and buyer, employer and prospective
28 employee, doctor and patient, or parties entering into any kind of contractual agreement."  Id.

In some circumstances, an employment agreement can create "a relationship giving rise to a duty to disclose material facts" under California law. EMC Corp. v. Sha, No. 13–CV–0118 EJD, 2013 WL 4399025 at *3 (N.D. Cal. Aug 13, 2013). Here, Defendants allege without dispute that the employment agreements signed by Defendant created a legal duty to disclose material information, such as Defendant's receipt of "data and reports" from the Chinese research officials and Defendant's own disclosure of Verliant's proprietary information to those officials. ECF No. 1, ¶ 38-44. Assuming the truth of the allegations in the complaint, Defendant's concealment of this material information allowed him to maintain his employment with Verliant even after he was in breach of the terms of the employment contract, and provided him with the opportunity to misappropriate further proprietary information.

In addition to stating a claim for misrepresentation by concealment, the complaint alleges the other requisite elements of fraud. Plaintiffs claim that Defendant intended that they rely on his representation of continued compliance, and that Plaintiffs did so rely. Further, the complaint alleges that the misappropriation of Verliant's proprietary information caused Plaintiffs harm. Plaintiffs also allege that Defendant acted knowingly in failing to disclose his breach of the employment agreement.

Beyond stating the requisite elements of a claim for fraud, Plaintiffs have also detailed the elements of the alleged fraud with sufficient particularity to meet Rule 9(b)'s heightened pleading standard, which requires a plaintiff to plead details establishing "the who, what, when, where, and how" of the fraud. Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997). Plaintiffs specifically allege that Defendant made representations to Verliant's CEO, Andrew Chiu on May 31, 2013, June 1, 2013, August 29, 2013, and October 13, 2013, in which he promised to maintain the confidentiality of Plaintiffs' proprietary information. Id. ¶¶ 14, 21, 22, 25. The complaint also identifies the individuals to whom Defendant is alleged to have later disclosed this confidential information in breach of the agreement, namely the CAST group, Andrew Tang, Dr. Li, and Yuen Kong. Id. ¶¶ 24-33. Plaintiffs specify that Defendant utilized his employment with Verliant to gain access to additional propriety information concerning "the mechanical processes by which accelerated anaerobic digestion is anticipated to be implemented." Id. ¶¶ 52. Plaintiffs have also

specified the period of time during which they allege Defendant acquired and intentionally concealed the information which he had a duty to disclose, as on or around March 15, 2014. Id. ¶¶ 37-38. Plaintiffs allege that they discovered Defendant had been communicating with third parties via his personal email on April 14, 2014. Id. ¶ 42. Plaintiffs also describe the location of Defendant's alleged attempt to gain access to additional laboratory data at its San Francisco office, and Defendant's return to his UK location in the following weeks. Id. ¶¶ 38-45.

Plaintiffs' pleading therefore states a claim for a cause of action for fraud and satisfies the heightened pleading standard of Rule 9(b).

### III. CONCLUSION

For the aforementioned reasons, the Motion to Dismiss Plaintiffs' ninth cause of action is DENIED.

**IT IS SO ORDERED.**

Dated: October 6, 2014

_____
JON S. TIGAR
United States District Judge